# Fisher Broyles

**Carl D. Neff**
Partner
Carl.Neff@FisherBroyles.com
Direct: 302.482.4244
Brandywine Plaza West
1521 Concord Pike, Suite 301
Wilmington, DE 19803
www.FisherBroyles.com

June 6, 2022

**Via CM/ECF**
The Honorable Christopher J. Burke, U.S.M.J.
J. Caleb Boggs Federal Building
844 N. King Street, Unit 28, Room 2325
Wilmington, DE 19801-3555

Re:   *Topia Technology, Inc. v. Egnyte, Inc.*, Case No. 1:21-cv-01821-CJB

Dear Judge Burke:

Our firm represents Defendant Egnyte, Inc. We write jointly with counsel for Plaintiff Topia Technology, Inc. in response to the Court's order dated May 12, 2022, requiring the parties to meet and confer regarding case narrowing issues and to prepare this letter to the Court.

Topia asserts six patents in the same patent family. All six patents share the same specification. The patents contain 103 claims, including 17 independent claims. The parties have exchanged proposals and met and conferred via telephone on June 3 and June 6, 2022, and via e-mail. The parties agree on a two-staged case narrowing process and the timing of the second case-narrowing elections. The parties disagree on when the first case-narrowing election must made and the quantity of claims and prior art references for each round of elections. The parties agree that the second case-narrowing election should be made simultaneously with final infringement and invalidity contentions and have agreed to meet and confer three weeks after the *Markman* hearing about limitations. Below is a table summarizing each party's proposal in view of pertinent deadlines in the Court's scheduling order, followed by each party's respective position. The parties are available at the Court's convenience to further discuss matters.

| Date | Case Event | Topia's Position | Egnyte's Position |
|---|---|---|---|
| August 3, 2022 | Initial Infringement Contentions | N/A | 42 claims + identification of a representative claim for each patent |
| September 2, 2022 | Initial Invalidity Contentions | N/A | 60 prior art references concerning claim limitations (*i.e.,* excluding references merely to show state of the art, knowledge of POSITA, motivation, etc.) |
| November 22, 2022 | N/A | 72 claims | N/A |
| December 13, 2022 | N/A | 60 prior art references concerning claim limitations (*i.e.,* excluding references merely to show state of the art, knowledge of POSITA, motivation, etc.) | N/A |

| | | | |
|---|---|---|---|
| February 1, 2023 | Exchange of Lists of Proposed Terms for Claim Construction | N/A | N/A |
| June 1, 2023 | Claim Construction Hearing | N/A | N/A |
| June 22, 2023 | Meet and Confer to Discuss Second Stage of Limiting Number of Claims and Prior Art References | Topia and Egnyte agree to this proposed meet and confer deadline | |
| October 13, 2023 | Final Infringement Contentions | Number of claims TBD, subject to meet and confer on June 22, 2023 | |
| November 13, 2023 | Final Invalidity Contentions | Number of total prior art references TBD, subject to meet and confer on June 22, 2023 | |

### Egnyte's Position

**First Case-Narrowing Elections.** Egnyte proposes that the narrowing in the case occur early in the schedule and be judicious. Egnyte requests that Topia's initial infringement contentions be limited to 42 claims and Egnyte's initial invalidity contentions be limited to 60 references. Topia's counterproposal ignores the judicial and party efficiencies achieved with an early narrowing, and, instead, proposes a nominal narrowing to 72 claims after the parties' initial contentions have been prepared and at an arbitrary date in November 2022. Additionally, Egnyte requests that Topia be required to identify representative claims for each patent to assist the Court and the parties in briefing substantive issues and dispositive motions.

The purpose of narrowing the number of asserted claims and prior art references is to promote judicial and party economy and discovery efficiency. This Court has routinely embraced this philosophy when ordering the parties to, early in the case, limit the bases for their contentions and thus narrow the issues in the case. Egnyte's proposal tracks with prior decisions from this Court. This Court has previously required parties to make their initial narrowing elections in connection with their respective initial patent contentions. *See, e.g.*, *Ethicon LLC v. Intuitive Surgical, Inc.*, Case No. 17-cv-00871. This is logical. The initial contentions should be based on the outer limits of what the parties may ultimately rely upon. It would be wasteful to serve initial contentions without early case narrowing elections, as doing so could require defendants to respond to every claim of every asserted patent, including bases that will ultimately be irrelevant.

Simply put, there will be wasted effort if the parties prepare contentions based on claims and prior art that they will later eliminate, particularly if Egnyte is forced to prepare contentions as to claims that Topia is not going to assert at trial. The Court's decision in *Ethicon* is similar to this case. Ethicon asserted 6 patents with 119 total claims. This Court required Ethicon to limit its asserted claims to 52 in its initial infringement contentions and permitted defendants unlimited prior art references with their initial invalidity contentions. After the *Markman* ruling, Ethicon was required to reduce its asserted claims to 30, and defendants were limited to 36 prior art references. Similarly, in *Tessera, Inc. v. Broadcom Corp.*, Case No. 16-cv-00380, this Court limited plaintiff to 46 asserted claims in its initial infringement contentions and 24 asserted claims after the *Markman* ruling, in a case with 4 asserted patents having 96 total claims. Egnyte's proposal is consistent with the Court's approaches in *Ethicon* and *Tessera*, cases with similar quantities of claims.

Topia's counterproposal occurs too late in the schedule and does not go far enough to make a real difference for the parties and the Court. There is simply no reason for waiting until November 22, 2022 to start the narrowing of claims and references, and Topia still wants this Court to construe 72 claims in the *Markman* process. Any potential judicial and party efficiency will be lost if the Topia's counterproposal is adopted.

Moreover, Topia's proposal allows for Topia to assert *more* claims than Egnyte's allowed references (72 claims versus 60 prior art references), which is backwards and simply makes no sense. Topia's asserted patents include 17 independent claims, each of which contains about 5-8 claim elements per claim. Allowing more asserted claims than prior art references unfairly prejudices Egnyte and is contrary to this Court's prior orders. All the orders the Court referred the parties to permitted *more* prior art references than asserted claims. Additionally, Egnyte's proposed limitations for Topia's asserted claims reasonably permits Topia to assert, for example, all 17 independent claims and 25 dependent claims in the first election. This is more than enough claims for Topia to reasonably assert in this case.

**Second Case-Narrowing Elections.** If the Court does not permit the parties to meet and confer following the *Markman* hearing and prefers to order second elections now, Egnyte proposes that Topia be limited to 24 asserted claims with its final infringement contentions on October 13, 2023, and Egnyte be limited to 30 prior art references with its final invalidity contentions on November 13, 2023.

### Topia's Position

**First Case-Narrowing Elections.** As this Court has stated, "[t]he Court's typical procedure is to allow for a first cut-down of asserted claims and Section 102/103-related defenses after initial contentions are completed, in order to ensure that the parties have a full and fair opportunity to understand the case before eliminating claims and defenses from the case." *See Collegium Pharm., Inc. v. Teva Pharms. USA, Inc.*, C.A. No. 18-300-LPS-CJB. Also, this Court's Scheduling Order contemplates two stages for streamlining the issues by reducing the number of asserted claims and asserted prior art **after** Plaintiff's initial infringement contentions (August 3, 2022) and Defendant's initial invalidity contentions (September 2, 2022). Specifically, the Scheduling Order for this case states that the "usual points where the Court will consider [reducing the number of asserted claims and asserted prior art] are before claim construction and after a ruling on claim construction."

Egnyte's proposed timing for the first limiting stage to occur during initial contentions is a departure from this Court's typical procedure and is not logical. While Egnyte contends that "[t]he initial contentions should be based on the outer limits of what the parties may ultimately rely upon," limiting Topia to an arbitrary reduced number of claims during initial contentions prevents Topia from having the opportunity to assess the "outer limits" after having received Egnyte's core technical documents. Moreover, Egnyte's reliance on Ethicon is misplaced. In *Ethicon*, both parties apparently agreed to initially narrow the claims to a reduction in the number of claims and prior art references at the time of the initial contentions. *See Ethicon LLC v. Intuitive Surgical, Inc.* (Joint Letter dated August 1, 2018).

Egnyte complains that it would be "wasted effort if the parties prepare contentions based on claims and prior art that they will later eliminate, particularly if Egnyte is forced to prepare contentions as to claims that Topia is not going to assert at trial." The fact of the matter is that in all cases both sides serve contentions that are greater than number than those that eventually make it to trial.

With respect to timing, not only will Topia take into account Egnyte's core technical documents in determining which claims to assert, but also Egnyte's invalidity contentions, which our scheduled to be served September 2, 2022. Topia's proposal is to have the first limiting stage occur in November and December 2022, at a logical point in time after having received the invalidity contentions and three weeks after the due date for supplementation of accused products and references. Such timing is consistent with this Court's typical procedure to initially limit the number of claims and references after initial contentions are completed and *before* claim construction and will enable both parties to have a full and fair opportunity to understand the case before limiting the numbers of claims and prior art references.

With respect to the number of claims in the first limiting stage, Topia proposes limiting the number of asserted claims to a total of 72 claims – i.e., on average, 12 claims per a patent. In other words, Topia proposes

about a 30% reduction in the number of claims during the first limiting stage, not a "nominal" reduction. Moreover, Egnyte has not shown any claims are duplicative to support a reduction of claims during initial contentions and that a reduction at such early stage would allegedly have no significant effect on discovery. In fact, over the six patents at issue, there are at least fifteen categories of claims including systems, methods, and computer-readable media claims with varying scopes of coverage.

Egnyte's request that Topia be required to identify a representative claim with its infringement contentions does not appear in any of the orders the Court identified and would be premature. It appears that Egnyte has a use in mind for a representative claim and, if so, it can propose it to Topia and the parties can meet and confer. However, without a specific identified purpose and without seeing Egnyte's invalidity contentions, it would be unfair and prejudicial to require Topia to identify a representative claim.

**Second Case-Narrowing Elections.** Of course, Topia the hopes that the Court will afford the parties the opportunity to meet and confer following the Markman Hearing to further limit the number of asserted claims and prior art in an effort to streamline the case at that stage. However, in the event the Court does not grant the parties this opportunity, Topia proposes to limit the total number of asserted claims to 36 during final infringement contentions and 20 total prior art references during final invalidity contentions.

Respectfully submitted,

*/s/ Carl D. Neff*

Carl D. Neff (No. 4895)

cc:     Counsel of Record – by CM/ECF and e-mail