Kelly E. Farnan
302-651-7705
Farnan@rlf.com

**RICHARDS LAYTON & FINGER**

January 20, 2023

**VIA CM/ECF**
The Honorable Christopher J. Burke
U.S. District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801

    Re: ***Topia Technology, Inc. v. Egnyte, Inc.*,**
       **C.A. No. 21-1821-CJB**

Dear Judge Burke:

  Pursuant to Federal Rule of Civil Procedure 15(a) and the Court's oral ruling at the Section 101 Day Motion Hearing held on December 20, 2022,[1] Plaintiff, Topia Technology, Inc. ("Topia"), respectfully requests leave to file an Amended Complaint that includes additional factual allegations to support the patent eligible subject matter of asserted U.S. Patents Nos. 9,143,561 ("the '561 Patent) and 10,067,942 ("the '942 Patent). The Court should grant Plaintiff leave to amend because there is good cause to do so. Topia brings this Motion in good faith, without undue prejudice to the Defendant, and its amendments are not futile.

**I. LEGAL STANDARD**

  Fed. R. Civ. P. 15(a) provides that leave to amend pleadings shall be "freely given [] when justice so requires." The factors to consider in determining whether to allow leave to amend are undue delay, bad faith or dilatory motive, undue prejudice to the opposing party and futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Here, the *Foman* factors all favor granting Topia's request for leave to amend.

**II. ARGUMENT**

  1. <u>Topia's Proposed Amendments are Made Without Undue Delay and in Good Faith</u>

  Plaintiff moves to amend the Complaint consistent with the Court's order of December 20, 2022 (D.I. 68 at 222). Thus, there is no undue delay or bad faith.

  2. <u>Defendant Will Not be Prejudiced</u>

  To show prejudice, "the non-moving party must show that it was 'unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the ... amendments been timely.' *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989).

---

[1] Tr. of Dec. 20, 2022 Hr'g, at 221:21–222:11 ("[T]o the extent plaintiff believes it can . . . properly amend its complaint to demonstrate how [the '561 and '942] patents are patent eligible, then . . . no later than [30] days from today's date, Plaintiff shall submit a motion for leave to amend along with a letter brief of no more than four single-spaced pages in support.").

The Honorable Christopher J. Burke

Prejudice to Defendant cannot be shown. The addition of factual allegations to the Complaint would not preclude Defendant from presenting facts or evidence, since the Court has indicated that if the motion is granted a limited briefing schedule will be provided. D.I. 68 at 222.

3. Topia's Proposed Amendments Would Not Be Futile

An amendment is futile "if it is frivolous, fails to state a claim upon which relief can be granted, or 'advances a claim or defense that is legally insufficient on its face.'" *St. Clair IP Cnsltnts*., 2012 WL 1134318, at *1 (internal quotation marks and citation omitted).

Submitted herewith is an Amended Complaint (Ex. A) and a marked up version of the Amendment Complaint (Ex. B). Plaintiff submits with its Amended Complaint a Declaration of expert Dr. Shenoy Prashant. (Shenoy Decl.) This declaration providing support for the additional factual allegations in the Amended Complaint illustrating the nonconventional, non-routine and inventive concepts embodied in the claims of the '561 and '942 Patents.

Here, the Amended Complaint contains factual allegations relevant to patent eligibility that explain the manner in which Topia's inventions claimed in the '561 and '942 Patents are directed to a patent-eligible architecture for management of digital files across a distributed network. As such, the amendments are not futile.

The Complaint is amended to recite factual allegations that illustrate how the claims of the '951 and '942 Patents recite an inventive concept that is significantly more than an abstract idea. Thus, even if the claims are deemed to be directed to an abstract idea[2], under *Alice* step two the amendment recites allegations sufficient to show how the claims recite an inventive concept that provides significantly more than merely applying a computer to "synchronizing multiple versions of a file across network computers." D.I. 68, at 198 (citing the asserted abstract idea).

For example, the amendments recite facts that show how the claims of the '561 and '942 Patents, analogous to the claims in *DDR Holdings, LLC v. Hotels.com, L.P.*, 773 F.3d 1245 (Fed. Cir. 2014), "do not merely recite the performance of some business practice known from the pre-Internet world along with the requirement to perform it on the Internet." *DDR* at 1257. Rather, the Amended Complaint explains how the claims of the '561 and '942 Patents are directed to solving a technical problem with a technical solution that overcomes problems with conventional computer based file transfer systems. *See* Ex. A at ¶ 21; Shenoy Decl. at 24. The amendments clarify that the claims in the '561 and '942 Patents do not claim the idea of merely "synchronizing files applied to networked computers," but instead claim a technology-based solution that replaces older versions of an electronic file across a user's multiple electronic devices with a modified version of the file, in a way that overcomes problems with conventional computer network based file synchronization systems. Ex. A at ¶ 21; Shenoy Decl. at 24.

---

[2] Plaintiff continues to contend that "synchronizing multiple versions of a file across network computers" is not a patent-ineligible abstract idea, at least because it is not directed to a mathematical concept, a method of organizing human activity, or mental process. (D.I. 45 at 4-17) But rather, like the claims found patent eligible in *DDR Holdings, LLC v. Hotels.com, L.P.*, 773 F.3d 1245 (Fed. Cir. 2014), the claims of the '561 and '942 Patents "overcome a problem specifically arising in the realm of computer networks" using a "solution … necessarily rooted in computer technology." *Id*. at 1257.

The Honorable Christopher J. Burke

That is, the amended complaint includes allegations illustrating how the claims of the '561 and '942 Patents recite an inventive concept analogous to the inventive concepts the Federal Circuit found in *BASCOM Global Internet Servs. v. AT&T Mobility LLC*, 827 F.3d 1341 (Fed. Cir. 2016)[3], and in *Amdocs (Israel) Ltd. v. Openet Telecom, Inc.*, 841 F.3d 1288, 1290[4], explaining how the claims recite an ordered combination of elements that provide an unconventional arrangement that solves a technological problem. In *BASCOM,* the Federal Circuit found that "the invention was not claiming the idea of filtering content simply applied to the Internet,"[5] Rather, the Court found the claims recited an inventive concept centered on placing a known filter in a specific location. In *Amdocs (Israel)*, the inventive concept was found in distributed processing of network records by processing them close to their source rather sending unprocessed records to a central location. The factual allegations in the Amended Complaint explain how the claims of the '561 and '942 Patents improve on conventional computerized systems for synchronizing a user's file by distributing file transfer applications to execute on a user's multiple electronic devices. Ex. A at ¶21; Shenoy Decl. at 24.

The Amended Complaint also explains how the claims of the '561 and '942 Patents address the problem of keeping a user's electronic files synchronized across that user's multiple network connected electronic devices, while overcoming the shortcomings of known computerized systems that synchronize files over a computer network. That is, the Amended Complaint sets forth facts that show how the claims go beyond solving the problems of manually synchronizing files by addressing problems with the computerized systems of the day for synchronizing files, such as remote desktop, distributed file, and FTP based systems. Accordingly, as illustrated by the facts in the Amended Complaint, the claimed solutions, as in *DDR*, are "necessarily rooted in computer technology in order to overcome a problem specifically arising in the realm of computer networks." *Id*.

Moreover, the Amended Complaint expands on the allegations in the Complaint that the claims of the '561 and '942 Patents recite an inventive concept with a specific ordered arrangement of components that overcomes the shortcomings of the conventional file synchronization systems. Specifically, the ordered combination of the features in the claims of the '561 and '942 Patents involve (1) distributing file transfer applications that execute on a user's devices; (2) having those applications transfer a modified file upon a specific determination and triggering event; and (3) transferring the file itself, as opposed to transferring only the modifications of the file (*i.e.*, "delta synchronization"). Ex. A at ¶ 21; Shenoy Decl. ¶ 24.

Regarding the first and second features (1) and (2), as alleged in the Amended Complaint, unlike conventional file transfer systems that require a user's devices to always be connected to a server, here, these file transfer applications, which today might be called "apps" for example, are distributed to a user's devices and work in concert to ensure that, when the user modifies a file on one of the devices (triggering event), a copy of the modified file is automatically transferred to each of the user's other devices. These applications, local to the user's devices, then replace an earlier version of the file on each of the user's devices. This arrangement ensures that the modified

---

[3] *BASCOM* at 1350.
[4] *Amdocs (Israel)* at 1300.
[5] *BASCOM* at 1351.

The Honorable Christopher J. Burke

file is locally available on those devices as opposed to being only available from a remote server as with the conventional server-centric computerized file transfer systems. Ex. A at ¶ 25; Shenoy Decl. at 26-27.

In this way the modified file is seamlessly and reliably transferred from the user's device on which the file is modified to another of the user's devices making the modified file locally available on the user's other device. This arrangement solves the problem of a user accessing the file while the file is stored only on the server either to operate on the file while it is stored on the server, as with remote desktop, or to retrieve the file from the server when the user is ready to use the file, as in a distributed file system or an FTP system. With the claimed system, the modified copy of the file is available locally on each of the user's devices ready to be operated on, despite any communication interruptions or slow network speed, and is available to use even if the user wants to use the file on a device when that device is not connected to a network.

Unlike with remote desktop, the modified file is stored on each of the user's devices and available for use even when communication connections to a server are intermittent or if the user wants to work on the file offline. And because the modified file is stored locally on each of the user's devices even if the communication connections to a server are slow, a program using the file, such as a word processing program, unlike a remote desktop or distributed file system, suffers no loss in performance due to the slow connection. Ex. A at ¶ 25; Shenoy Decl. at 27-28.

Regarding the third feature (3), the claims refer to the application transferring the file itself. This is in contrast to the "delta synch" approach where only a portion of the file is transferred. Ex. A at ¶¶ 16, 22, and 25; Shenoy Decl. at 29. This approach of merely determining that a user has modified the content of the file, without having to determine specifically what content in the file has been modified, not only simplifies how to make the determination, but also simplifies how to update older versions of the file. Ex. A at ¶¶ 16, 22, and 25; Decl. at 30. Transferring the file itself instead of only changes to the file as with the delta sync method simplifies working with encrypted or compressed files. Ex. A at ¶¶ 16, 22, and 25; Shenoy Decl. at 32.

In sum, the Amended Complaint alleges facts that show how the claimed arrangement of elements solve the technical problems with conventional network based file synchronization systems. These facts illustrate that the claims are necessarily rooted in improvements to networked computer technology and, as in *DDR*, are not directed to an abstract idea. But even if they are deemed to be directed to an abstract idea of "synchronizing multiple versions of the file across network computers," the claims through their non-conventional ordered arrangement of elements, similar to the claims in *DDR*, *BASCOM* and *Amdocs (Israel)*, which solve the problems of conventional network based file synchronization systems, provide an inventive concept that is significantly more than the abstract idea, and therefore are patent-eligible.

### III. CONCLUSION

For the foregoing reasons, Topia respectfully requests that the Court grant its Motion.

4

The Honorable Christopher J. Burke

Respectfully,

*/s/ Kelly E. Farnan*

Kelly E. Farnan (#4395)

Attachments
cc: All Counsel of Record (via CM/ECF filing)