**RICHARDS LAYTON & FINGER**

Kelly E. Farnan
(302) 651-7705
Farnan@rlf.com

December 13, 2023

**VIA CM/ECF & HAND DELIVERY**
The Honorable Christopher J. Burke
U.S. District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801

          Re:   *Topia Technology, Inc. v. Egnyte, Inc.*,
                 C.A. No. 21-1821-CJB

Dear Judge Burke:

Pursuant to the Court's Oral Order (D.I. 193), Topia files this letter outlining the issues in dispute and Topia's position thereon.

Topia has repeatedly requested that Egnyte comply with the Court's Orders (D.I. 157 and 161) for production of financial-related documents and information and metadata. Exs. 1-7. Egnyte has ignored these Orders for months, while assuring Topia that production would be forthcoming. Topia plainly needs these documents and related information to conduct its depositions. Egnyte illogically asserts that Topia should seek those documents and information through a deposition, but Egnyte refused to offer any of its witnesses for deposition, which Topia timely noticed in October, until after the Court-ordered fact discovery period[1]. Ex. 8. Now, Egnyte wants to leverage the delay it caused by offering to extend the fact discovery deadline only if Topia agrees to arbitrarily limit the number of depositions it noticed. Ex. 9. Egnyte's defiance of the Court's Orders is further compounded by its efforts to block Topia's ability to otherwise obtain the documents and information that Egnyte has already improperly withheld from Topia.

**Issue One:** Egnyte's failure to produce, by October 16, 2023, additional sales, market share, financial, advertising, marketing, licensing, and royalties documents responsive to RFP Nos. 29, 31-37, 39-41, 43, and 58, as ordered by the Court on September 28, 2023. D.I. 157. Ex. 16. Egnyte asserts that it has complied with the Court's order by belatedly producing merely two high-level financial documents on November 13, 2023. Exs. 2, 4, 10-11. Egnyte refuses to produce additional documents, and has refused to explain why additional documents are not available, instead stating "I am not an employee or witness for Egnyte.  Your questions below are for fact witnesses for Egnyte, not its attorneys." Ex. 4.  This refusal to engage is particularly troubling since Egnyte previously represented to the Court that it was "working on generating additional responsive data in a format that is usable by the parties and provides the information pertinent to a patent damages analysis."  D.I. 148 at 3.  If that is, in fact, what Egnyte did to

---

[1] Even still, Egnyte did not provide availability for all of its witnesses.

One Rodney Square ■ 920 North King Street ■ Wilmington, DE 19801 ■ Phone: 302-651-7700 ■ Fax: 302-651-7701
www.rlf.com

satisfy the Court-ordered production, it should have been willing to explain that to Topia. Now that we are two months past when the Court ordered the production, the appropriate remedy now is not for Egnyte to self-select its financial information but rather to produce what exists in Egnyte's files with respect to all Accused Products.

The suggestion that Topia does not have additional documents to produce is not plausible. Egnyte's own statements to the Court indicate it did not intend to make a fulsome production. Moreover, Egnyte has admitted to its Turbo/Smart Cache, and Storage Sync products being on sale, but did not provide financial documents regarding those very products. Ex. 4. Moreover, Egnyte has been focused for nearly two years on preparing to offer itself as a publicly-traded company in in Initial Public Offering (IPO), and it has undergone a $75 million funding in the last five years. Ex. 12. It is difficult to believe that Egnyte does not have more and more-detailed financial documents than the three it produced[2].

Egnyte's numerous deficiencies are described in Ex. 5, a November 16, 2023 Letter from Topia's counsel to Egyte's counsel, which Egnyte has failed to substantively respond to. To summarize, Egnyte has failed to produce documents regarding: sales, profits, or market share on a monthly and quarterly basis (RFP No. 29); projected sales, profits, or market share (RFP No. 29); revenues and profits attributable to all of Egnyte's Accused Products (RFP Nos. 31, 34-35); costs and expenses attributable to all of Egnyte's Accused Products (RFP Nos. 32 and 35); R&D expenditures (RFP Nos. 33 and 35); the number of units and/or subscriptions sold, and the number of users and organizations (RFP No. 34); advertising, marketing, and sales of Egnyte's Accused Products (RFP No. 36); patent license agreements and technology transfer agreements (RFP No. 37); reasonable royalty calculations (RFP No. 39); what Egnyte intends to rely on to respond to Plaintiff's damages theories (RFP No. 40); pricing information for Egnyte's Accused Products (RFP No. 41); valuation of the Accused Products (RFP No. 43); and Egnyte's standard accounting procedures or guidelines (RFP No. 58).. Exs. 16 and 18.

Egnyte has also refused to provide Accounting Rate of Return (ARR) information on all the Accused products and services (covered by RFPs 31, 34-35, 40-41, and 58), requested most recently by Topia's counsel on December 6, 2023. Ex. 7. Egnyte should be ordered to produce the full scope of financial information requested.

**Issue Two:** Egnyte's failure to reproduce, by October 16, 2023, its previously produced non-publicly-available documents with all of the metadata required by this District's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI") ["ESI Order"], as the Court ordered at the October 2, 2023 hearing. (D.I. 161)

While Egnyte produced a "Metadata Supplement" (Ex. 13) on November 21, 2023, this two-page document does not satisfy Egnyte's obligations. Specifically, Egnyte's belatedly produced document was in the wrong format, did not include any metadata whatsoever on Egnyte000018, Egnyte000021-37, Egnyte000051, Egnyte027476-553, Egnyte28337-345, Egnyte029890-904, Egnyte029905-919, Egnyte029920-935, Egnyte029936-952, Egnyte029953-965, Egnyte029966-976, Egnyte034395, and Egnyte034396, and failed to include File Path and Filename

---

[2] Egnyte previously produced total revenues for 2016-2021 (Ex. 15).

information (as required by the ESI Order) on any document. That Egnyte took the trouble to create a table of selected purported metadata rather than simply reproduce the documents with their metadata (or a metadata overlay) is inexplicable and raises questions as to their motive.

Moreover, Egnyte's representation that if "a document that did not previously have metadata produced for it is not on this document, then there was no metadata associated with that document" cannot be true.  Ex. 17. Several documents (whose names Egnyte did not produce) were included in Egnyte's technical production of July 17, 2023, and these documents were being edited as late as May 2023, well after Topia filed this lawsuit and after a litigation hold should have been in place.  As an example, EGNYTE_028394 indicates several documents that were edited from Feb 08, 2023, to May 19, 2023.  As another example, EGNYTE_028985-86 indicates that several documents were edited minutes before those documents were processed to be produced.  (*See* screenshots, attached as Ex. 14).  If Egnyte is representing that it has no metadata, including the names, locations, and other file information for the documents in Egnyte's technical production, then this calls into question Egnyte's litigation hold procedures.  Specifically, Egnyte may have failed to properly preserve and retain documents in this litigation.  Egnyte should be ordered to reproduce the documents with the appropriate metadata (or at least a metadata overlay) in compliance with the Court's earlier order so that Topia can effectively produce the associated metadata as ordered by the Court.

**Issue Three:** Topia's request to extend the remaining deadlines in the schedule.  As ordered by the Court in its Oral Order (D.I. 193), the parties verbally met-and-conferred on December 13, 2023 to try to reach an agreement on Issue Three. No agreement was reached as Egnyte refused to change its position on conditioning the extension on limiting the number of depositions to 5. Egnyte was unable to provide any authority to support its position.

Prior to the meet and confer, Egnyte offered to agree to an extension only if the Parties arbitrarily limited the number of depositions to 5. D.I. 191.  Egnyte has provided no authority for its proposal, which would necessarily cut the Parties' permitted 70 hours of deposition time in half.  (D.I. 24 at ¶ 7(e)(i)). Egnyte also ignores the fact that Topia's request for an extension is a direct result of Egnyte's failure to comply with its discovery obligations.

In November, Egnyte offered availability for four (Rajesh Ram, Amrit Jassal, Ravi Chopra, and Vineet Jain) of eight timely noticed Egnyte witnesses after the close of fact discovery.  Ex. 8.  Egnyte never provided availability for the other witnesses Topia noticed (Artur Sobierak, Krzysztof Rosinski, Reece Rovig, and Stan Hansen).

On November 15, 2023, Egnyte's counsel indicated that it was "highly unlikely" that all of the depositions could be completed before the November 30, 2023 fact discovery deadline.  Ex. 3. In anticipation of obtaining an extension, Topia's counsel requested potential dates for the depositions of Egnyte's witnesses in January or February 2024.  Ex. 7.

Topia requests that the Court enter the attached proposed order (Ex. 19) to extend the schedule to ensure that Topia can have the appropriate discovery it needs in this case. Good cause exists to modify the schedule under Rule 16 because Defendant's discovery misconduct has prohibited Plaintiffs from taking its timely noticed depositions.

3

                                                Respectfully,

                                                */s/ Kelly E. Farnan*

                                                Kelly E. Farnan (#4395)

cc:     All Counsel of Record (via CM/ECF)