

Kelly E. Farnan
(302) 651-7705
Farnan@rlf.com

December 27, 2023

**VIA CM/ECF & HAND DELIVERY**  **REDACTED PUBLIC VERSION**
The Honorable Christopher J. Burke
U.S. District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801

          Re:   *Topia Technology, Inc. v. Egnyte, Inc.*, C.A. No. 21-1821-CJB

Dear Judge Burke:

Pursuant to the Court's Order (D.I. 193), Topia replies below to Egnyte's letter brief (D.I. 201).

**Issue One:** Egnyte repeatedly asserted that it complied with the Court's Order (D.I. 157) via its belated production of November 13, 2023. Exs. 2, 4, 10-11. Though Egnyte has since refused additional production and failed to respond to Topia's related communications, on December 13, 2023, Egnyte produced 2 additional documents which seemingly list price data for various Egnyte products. Ex. 20. Egnyte states now that it "produced all relevant and responsive financial documents reasonably requested by Topia [] given the facts of this case." D.I. 201. This statement, replete with qualifiers ("reasonably requested…given the facts of this case"), demonstrates that additional responsive documents have been withheld.

All of Egnyte's advertising and marketing documents appear to have been sent to third parties, and were produced prior to the Court's Order (D.I. 157). Egnyte has produced <u>no</u> internal advertising/marketing strategy documents[1], as requested by RFP Nos. 36, 44, 54, 80-88, 91, and 99, expected of a company of Egnyte's size to have been kept in the ordinary course of business.

Likewise, while Egnyte belatedly produced information on revenue, cost of goods, margins, expenses, income, and losses, for Egnyte Connect and Platform (Exs. 10 and 11), Egnyte did not produce this information for any other Accused Product, including Egnyte Desktop App, Mobile App, Storage Sync, Smart Cache (previously Turbo), Secure and Govern, Enterprise, and Large File Collaboration, and not for any period after 2022, in response to RFP Nos. 29, 31-32, 34-36, 41, 43, 64-66, 68-70, 72-73, 76-80, 85, and 97. Egnyte also did not produce such information for products other than the Accused Products, and pricing information and how it varies from customer-to-customer (as required by RFP Nos. 41 and 79), which would tend to identify the importance of the patented technology. This information is expected to have been kept in the ordinary course of business, as evidenced by Ex. 20, which lists ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ ▆▆▆▆▆▆▆▆▆▆▆ The requested financial/sales information is relevant to a reasonable royalty

---

[1] Relevant to identifying features and benefits of the Accused Products Egnyte and its customers view as important, which features and benefits drive sales.

analysis and a hypothetical negotiation. Topia is not simply asking for information already provided in a different format; but data on revenue and profitability generally (*e.g.*, subscriptions, servicing, maintenance).

"[U]nit [and] subscriptions sold, [and] number of users" is relevant to the market value of the Accused Products and benefits and features thereof, including the patented inventions. Such evidence may indicate that the royalty base is tied to sources other than revenue, *e.g.*, subscriptions or users. Egnyte's "standard accounting procedures" are relevant to determining Accused Products' profits attributable to certain features and benefits, including the patented inventions, and may provide insight into Egnyte's incremental expenses and profitability. Contrary to Egnyte's suggestion, Topia has not inappropriately asked for information from Egnyte's counsel. Rather, Topia has sought to understand why Egnyte repeatedly asserts that its production is fully responsive to Topia's requests and what documents are being withheld. The Federal Rules (Rule 34(b)(2)(B)) and this Court's meet and confer requirement (LR 7.1.1) require this level of engagement from counsel. Having failed to engage, Egnyte should be ordered to comply with the full scope of Topia's requests.

**Issue Two:** Egnyte makes many futile excuses for its failure to produce metadata as ordered (D.I. 161). Yet, even if documents were scanned for production or prepared solely for this case, the documents should have metadata on creation date and file names, which brings us to the crux of the issue that Egnyte does not even address: Egnyte failed to produce file names for the most important technical documents: Egnyte 000001-3, 000004-6, 000007-8, 000009-12, 000013-16, 000017, 000019, 000020, 000038-48, 000049, 000050, 000051, (missing all metadata) 000021-37, 000051, and 28337-345. It appears that Egnyte is improperly hand-selecting individual pages or documents without a proper search strategy, and is obfuscating this by failing to produce its required metadata. *AMEC Env't & Infrastructure, Inc. v. Newfields Cos., LLC*, 2014 Colo. Dist. LEXIS 1376, *5 (D. Col. Dec. 8, 2014) ("[S]elf-searching by custodians without the assistance of counsel, [] is insufficient and strongly disfavored by courts.").

**Issue Three:** Egnyte does not seriously dispute that Topia's 8 personal deposition notices and 4 subpoenas were timely served, and cites no authority to the contrary. *See Koger v. Allegheny Intermediate Unit*, 2011 U.S. Dist. LEXIS 82067, *3 (W.D.P.A. Jul. 27, 2011). With respect to foreign witnesses, Egnyte does not address Topia's offer to take the depositions remotely during normal Polish business hours. Ex. 3. Topia was forced to notice 8 (not 12) depositions because, Egnyte refused to abide by its discovery obligations (*e.g.*, not producing a *single* email).[2]

Egnyte never explained its reasoning to not cooperate in discovery because of its mounting expenses, but if Egnyte had simply produced documents in accordance with normal discovery procedures and followed the Court's Orders, its expenses surely would be less.

Egnyte cites to no authority for limiting depositions, and does not explain why 5 depositions (ostensibly 35 hours) is reasonable after the parties agreed, and the Court ordered, 70 hours.

---

[2] This issue is the subject of another discovery dispute. D.I. 199.

        Respectfully,

        */s/ Kelly E. Farnan*

        Kelly E. Farnan (#4395)

cc:     All Counsel of Record (via CM/ECF)