# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TOPIA TECHNOLOGY INC., | ) |
| | ) |
|     Plaintiff, | ) |
| v. | )   C.A. No. 21-1821-CJB |
| | ) |
| EGNYTE, INC., | ) |
| | ) |
|     Defendant. | ) |

**PLAINTIFF TOPIA TECHNOLOGY INC.'S**
**REPLY LETTER BRIEF REGARDING DISCOVERY DISPUTE (D.I. 197)**

OF COUNSEL:

Mark Boland
Raja N. Saliba
Michael R. Dzwonczyk
Chidambaram S. Iyer
J. Warren Lytle, Jr.
L. Roman Rachuba
Janvi U. Shah
Sughrue Mion, PLLC
2000 Pennsylvania Ave., NW
Washington, DC 20037
(202) 293-7060

Dated:  January 12, 2024

Kelly E. Farnan (#4395)
Griffin A. Schoenbaum (#6915)
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
schoenbaum@rlf.com

*Attorneys for Plaintiff Topia Technology, Inc.*

Dear Judge Burke:

Topia has been requesting financial and technical documents since March 2023. Ex. 27. Since April, Egnyte has been stringing Topia along with empty promises to investigate and supplement. Ex. 28 ("We intend to supplement . . . by May[]."); Exs. 29 (Noting Egnyte's agreement to update by June) and 30 (Noting Egnyte's failure); Ex. 32 (Agreement to update by August). Egnyte's stalling has severely prejudiced Topia's and forced it to seek the Court's assistance.

On August 5, 2023, Topia requested production of API documentation referenced in Egnyte documents. Ex. 33. In response, Egnyte stated that it would respond "pending [] review." Ex. 34. When Egnyte did not, Topia was forced to seek, for the first time, the Court's assistance. D.I. 136 and 146, 3 (requesting "internal API methods and processes or server-side processes, etc.") The Court ultimately denied Topia's requests for technical documents, without prejudice, but instructed the Parties to further confer. D.I. 161, 90:3-19, 82:13-22; D.I. 157 (granting Topia's requests for financials and metadata).[1] Following the Court's decision, the Parties exchanged letters (Exs. 22-23) and conferred. DI 164, 2 (Egnyte's counsel agreeing to discuss API documentation with Egnyte). Following yet another meet and confer in October, Egnyte again agreed to respond in writing on the API documentation issue. Ex. 35. Egnyte failed to do so. Ex. 36-37 (letter and email from Egnyte failing to address API documentation). Only during a subsequent December 15, 2023 meet and confer, after the close of fact discovery, did "Egnyte's counsel represent[] that Egnyte had produced all the documents within its possession, including all internal API documentation for all the accused products," necessitating this instant motion. Ex. 38.

To recap: in response to Topia RFP Nos. 6-9 and 56-57 (Ex. 20), Egnyte provided some (for Storage Sync and Desktop Sync/App), but withheld other, more relevant, API documentation (e.g. communication / integration methods for "individual functionalities")[2] (D.I. 161, 42:1-3) that make up its solutions (e.g., communication/integration of Desktop Sync with Egnyte Connect) for the Accused Products. Indeed, Egnyte failed to provide *any* API documentation for many Accused Products[3], including Storage Sync, Connect, Platform, Mobile App, Smart Cache (Turbo), Secure and Govern, Enterprise, and Large File Collaboration.

Egnyte markets itself as a "leader in cloud content security and governance," and contends that it serves over 22,000 businesses around the globe. It has developers and over 1,000 employees in

---

[1] Egnyte failed to comply with the Court's order, which is addressed in Topia's related motion and briefing. D.I. 191, 195, and 203.

[2] As explained in the previous discovery hearing, this API documentation provides technical details that source code alone, which Egnyte inexplicably restricted access to only client-side code for half of Topia's examination time, does not. D.I. 61, 58:13-21; Ex. 45.

[3] The Accused Products are defined by Topia (Ex. 39). Egnyte contends that the products in its response to Interrogatory 6 are the "Accused Products". D.I. 211, 1. Regardless, Egnyte identified Platform, Desktop App, Mobile App, Turbo/Smart Cache, Storage Sync, and Connect in its Interrogatory No. 6 ("Identify . . . all products and services . . . that relate to [] file synchronization") Response.

seven offices across the world and announced that it "ended 2021 with more than $150 million in annual recurring revenue." Ex. 40-41 and 43. A company as sophisticated as Egnyte, with its many resources, is expected to generate, maintain, possess, and control technical documents including architectural diagrams, software requirement specifications, and API documentation for its suite of software products. Ex. 43.

As with the requested API documentation, it is inconceivable that Egnyte would not possess, for the Accused Products, documents describing: convoyed sales, quantities sold or subscribers, valuations, pricing models, target customers, accounting procedures or guidelines, or competitors. Ex. 44 ("Egnyte, given its business and the magnitude of its annual revenue would keep and maintain these types of files in the ordinary course of business.") It's far more likely that Egnyte simply failed to conduct a reasonable search.

Egnyte concedes that it did not use search terms to locate potentially responsive ESI, but instead let unidentified Egnyte employees control searching. D.I., 211, 2. In a complex patent litigation centered on electronic file storage/syncing software, a search strategy that does not employ electronic searching means cannot be "reasonably comprehensive" as required under Rule 26. *GlaxoSmithKline LLC v. Teva Pharms. USA, Inc*., 2016 WL 859229, *2 (D. Del. Mar. 3, 2016). Egnyte cites to no authority to the contrary.

Given that Egnyte already violated the Court's discovery orders, refused to provide witnesses during fact discovery, and to meaningfully negotiate on an extension, has produced no emails, admits to using an objectively unreasonable search strategy, failed to reasonably explain why documents are missing, Topia respectfully requests modified relief with respect to Issue 2: In addition to identifying its search strategy with specificity, Topia now respectfully requests that Egnyte be ordered to conduct a new search using search terms and custodians selected by Topia. Ex. 46; *MGA Entm't, Inc. v. Nat'l Prods*., 2012 WL 12886446, *2–3 (C.D.Cal. Jan. 26, 2012) (granting new search where there was no indication of which custodians' files were searched, or where the documents were located, and an unduly narrow use of search terms); *Profit Point Tax Techs., Inc. v. Dpad Grp*., 2021 WL 7966873, *2 (W.D.Pa. July 23, 2021) (forensic analysis recommended where Defendant refuses to use search terms and failed to produce relevant documents).

With respect to Egnyte's failure to produce emails, Egnyte admits that Topia's search terms "resulted in a reasonable number of ESI e-mails being identified," but still refuses production. Egnyte's discovery misconduct is well documented, and Topia does not share Egnyte's belief that production will not be an issue — it already requires the Court's assistance.

        Respectfully,

        */s/ Kelly E. Farnan*

        Kelly E. Farnan (#4395)

cc:     All Counsel of Record (via CM/ECF)