# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TOPIA TECHNOLOGY, INC., <br><br> Plaintiff, <br><br> v. <br><br> EGNYTE, INC., <br><br> Defendant. | C.A. No.: 21-1821-CJB <br><br> **REDACTED PUBLIC VERSION** |

**OPENING LETTER BRIEF IN SUPPORT OF MOTION TO STRIKE CERTAIN PORTIONS OF ANDREW WOLFE REBUTTAL REPORT**

OF COUNSEL:

Mark Boland
Raja N. Saliba
J. Warren Lytle, Jr.
L. Roman Rachuba II
Janvi U. Shah
SUGHRUE MION, PLLC
2000 Pennsylvania Ave., NW
Washington, DC 20037
(202) 293-7060
mboland@sughrue.com
rsaliba@sughrue.com
jlytle@sughrue.com
lrachuba@sughrue.com
jshah@sughrue.com

Kelly E. Farnan (#4395)
Jessica E. Blau (#7163)
RICHARDS, LAYTON & FINGER
One Rodney Square
920 North King Street
Wilmington, DE 19801
Tel.: (302) 651-7700
Fax: (302) 651-7701
farnan@rlf.com
blau@rlf.com

*Attorneys for Plaintiff Topia Technology, Inc.*

Dated: January 21, 2025



Kelly E. Farnan
(302) 651-7705
Farnan@rlf.com

January 21, 2025

**VIA CM/ECF & HAND DELIVERY**
The Honorable Christopher J. Burke
U.S. District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801

                Re:   *Topia Technology, Inc. v. Egnyte, Inc.*, C.A. No. 21-1821-CJB

Dear Judge Burke:

We write in support of Topia's motion to strike certain portions of the rebuttal expert report of Prof. Andrew Wolfe on infringement. Prof. Wolfe's opinions and supporting facts for certain of Egnyte's non-infringement positions were not properly disclosed during the fact discovery period, *e.g.*, in response to Topia's Interrogatory No. 2 (Exhibits A-D). Specifically, Egnyte did not previously disclose its positions ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Accordingly, Topia seeks to strike the following portions of Prof. Wolfe's report (Attachment 1):

- Paragraphs 145-155, 195, 199-207, 236-252;
- A portion of paragraph 220;
- EGNYTE_061485 - EGNYTE_061504, cited and appended thereto; and
- All corresponding references to the above in the Table of Contents, Summary of Opinions, and various heading and subheadings of Prof. Wolfe's report.

Because these new opinions and evidence were not disclosed in Egnyte's discovery responses, including responses to contention interrogatories, the Court should strike these untimely theories pursuant to Federal Rules of Civil Procedure 16(b)(4) and 37(c)(1). *See Intellectual Ventures I LLC v. AT&T Mobility LLC*, No. 13-1668-LPS, 2017 WL 658469, at *1, 5-6 (D. Del. Feb. 14, 2017) (striking new infringement theories in expert reports not disclosed in final infringement contentions). The Court had ordered Egnyte to supplement its response to Interrogatory No. 2 (D.I. 319), but Egnyte failed to sufficiently do so. Under the Federal Rules, parties "are obligated to supplement their contentions when it becomes necessary to do so." *Vehicle IP, LLC v. AT&T Mobility LLC*, 227 F. Supp. 3d 319, 325 (D. Del. 2016). This obligation applies to responses to interrogatories. *Id*. (citing Fed. R. Civ. P. 26(e)(1)(A) ("A party who has ... responded to an interrogatory ... must supplement or correct its disclosure or response ... in a timely manner if the party learns that in some material respect the disclosure or response is incomplete....")). "The Court has the power to exclude evidence," including experts reports or portions thereof, "as a sanction

for a party's failure to comply with this obligation." *Id*. "Specifically, Federal Rule of Civil Procedure 37(c)(1) provides that '[i]f a party fails to provide information ... as required by Rule 26(a) or (e), the party is not allowed to use that information ... to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *Id*. (quoting Fed. R. Civ. P. 37(c)(1)).

When determining whether a party's failure to disclose was justified or harmful, and deciding whether to strike evidence, courts in the Third Circuit consider the *Pennypack* factors: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the possibility of curing the prejudice; (3) potential disruption of an orderly and efficient trial; (4) presence of bad faith or willfulness in failing to disclose the evidence; and (5) the importance of the information withheld. *Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997) (citing *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904-05 (3d Cir. 1977)).

(1) <u>Prejudice and surprise to Topia</u>:  Topia requested the disclosure of Egnyte's non-infringement theories during discovery. *See, e.g.*, Exhibit E, at 9, Interrogatory No. 2 (requesting, on July 29, 2022, "For each claim of the Patents-in-Suit that You contend that You do not infringe …, state the factual and legal bases for your assertion, identifying each claim element that you contend is not present in each Accused Product."). Topia has been prejudiced by not having the ability to analyze and take additional discovery thereon during the fact discovery period. Topia repeatedly sought Egnyte's position and ultimately had to seek relief from the Court, which the Court granted in July 2024. D.I. 319 (July 8, 2024 Oral Order) ("With regard to Plaintiff's Interrogatories ("ROGs") 2 and 9, if it has not done so since briefing on the Motion was completed, Defendant shall supplement its responses to those ROGs by no later than one week from today."). The Court later noted that Egnyte's delay in supplementing its interrogatory responses was unacceptable. D.I. 321, 39:13-21 ("I will say, for what it's worth, those interrogatories should have been responded to earlier. It's not sufficient to say let's wait for expert discovery. And if I have to address further issues relating to their substance, the parties can try to put them before me by way of my discovery dispute procedures. We're getting to the point where if I do and the side that loses, it could be problematic for them in terms of Rule 26 and 37 in terms of fees and costs otherwise.").

Despite numerous requests for production ("RFPs") directed to file synchronization source code, Egnyte failed to identify the source code numbered EGNYTE_061485-061504 during fact discovery, instead waiting until serving its rebuttal expert reports to disclose it as relevant to Egnyte's non-infringement theories. *See* Exhibit F, at 8-9, and 12 (Topia's RFP Nos. 7, 8, and 28).

On August 2, 2024, well past the deadline for fact discovery, Topia told Egnyte that Topia "remains in the dark about 'Egnyte's non-infringement theories and supporting evidence, including what specific claim elements are allegedly absent from the accused devices.'" Exhibit G, at 2 (August 2, 2024 email from Rachuba to Gutkoski). Topia noted that "Egnyte's response is deficient and fails to comply with the requirements of this Court." (*Id*.) Topia then stated, "Topia will wait to see Egnyte's expert report and move to strike if it unfairly goes beyond the scope of what was disclosed in Egnyte's response to Interrogatory No. 2." (*Id*.)

It is fundamentally unfair for Egnyte to rely on these previously undisclosed positions and supporting source code without giving Topia the opportunity to explore the merits thereof during

discovery. *See Matsushita Elec. Indus. Co. v. Cinram Intern., Inc.*, 299 F. Supp. 2d 348, 366 (D. Del. 2004) (excluding expert declaration and other evidence in support of a new non-infringement argument that was not disclosed in fact discovery). Topia was surprised when Egnyte did not disclose such information in discovery, but then chose to rely on it, for the first time, in a rebuttal expert report. *Natera, Inc. v. CareDx, Inc.*, C.A. No. 20-38-CFC-CJB, D.I. 392 (D. Del. Oct., 6, 2023) ("It is undoubtedly surprising and prejudicial when a party springs a new theory in the middle of expert discovery without any prior hint that it might do so.").

(2) Possibility of curing the prejudice to Topia: With fact and expert discovery now closed, Topia does not have a fair opportunity to research or properly investigate any of Egnyte's late-asserted positions or to test them through any written discovery or depositions. *Bridgestone Sports Co. Ltd. v. Acushnet Co.*, No. 05-132-JJF, 2007 U.S. Dist. LEXIS 11370, at *14-15 (D. Del. Feb. 15, 2007) (recognizing that plaintiff "would be required to conduct additional fact and expert discovery in order to formulate a proper response").

(3) Potential disruption to trial: Allowing Egnyte to proceed with its new non-infringement theories would disrupt the trial, as there is no cure to the prejudice suffered by Topia when Egnyte belatedly injected these new theories into the case with a rebuttal expert report. Because of the late-disclosed theories, there is no possibility to cure, as fact discovery and expert discovery have concluded and the case has reached the stage of dispositive motion practice as it advances to trial. The trial would be disrupted if Egnyte's experts could rely on and testify about new theories and evidence that Topia has had no opportunity to explore during fact discovery.

(4) Egnyte's bad faith and willfulness in failing to disclose the evidence: Egnyte acted willfully and in bad faith in not disclosing its non-infringement theories. Topia had requested the disclosure of these theories and underlying facts nearly two and a half years ago, and the Court had ordered Egnyte to disclose such theories with its interrogatory responses. Topia repeatedly reminded Egnyte about its failure to properly respond to Interrogatory No. 2, but Egnyte nevertheless waited until serving Prof. Wolfe's report to disclose its new non-infringement theories. *See, e.g.*, Exhibit G, at 2 and Exhibit H, at 1, 4-6, 8-10, 12-13, and 17-18 (correspondence with counsel).

(5) Importance of the information withheld: Egnyte has offered various non-infringement theories in Prof. Wolfe's expert report apart from the new theories that Topia now seeks to strike. Accordingly, Egnyte has implicitly acknowledged that the new theories and supporting information is not critically important to Egnyte's non-infringement case.

Consideration of the *Pennypack* factors strongly weighs in favor of striking the identified parts of Prof. Wolfe's rebuttal report, each of which cites or relies on the improperly withheld and belatedly disclosed non-infringement theories and related information.

Accordingly, the Court should strike the identified portions of Prof. Wolfe's expert report and preclude Prof. Wolfe from testifying as to any of the those portions of his report at trial. Because Egnyte improperly withheld and belatedly disclosed its new non-infringement theories, Egnyte should be precluded from relying on such theories and related information in any way at trial.

Respectfully,

/s/ Kelly E. Farnan
Kelly E. Farnan (#4395)

cc:   All Counsel of Record (via CM/ECF)

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 21, 2025 true and correct copies of the foregoing document were caused to be served on the following counsel of record as indicated:

**BY ELECTRONIC MAIL**
Carl D. Neff
Pierson Ferdinand LLP
CSC Station
112 S. French Street
Wilmington, DE 19801

**BY ELECTRONIC MAIL**
Ryan T. Beard
Pierson Ferdinand LLP
501 Congress Avenue
Suite 150
Austin, TX 78701

**BY ELECTRONIC MAIL**
Christopher R. Kinkade
Pierson Ferdinand LLP
100 Overlook Center, 2nd Floor
Princeton, NJ 08540

**BY ELECTRONIC MAIL**
Armon Shahdadi
Pierson Ferdinand LLP
260 Peachtree Street NW
Suite 2200
Atlanta, GA 30303

**BY ELECTRONIC MAIL**
John T. Gutkoski
Pierson Ferdinand LLP
101 Federal Street, Suite 1900
Boston, MA 02110

*/s/ Kelly E. Farnan*
Kelly E. Farnan (#4395)

5